NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALVATORE & MARY ANN DEL PRIORE : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, : | **OPINION** |
| v. : | Civil Action No. 06-3170(DMC) |
| PNEUMO ABEX, LLC as successor by merger to PNEUMO ABEX CORPORATION, SIGNAL-STAT DIVISION OF ABEX CORPORATION SALARIED EMPLOYEE PENSION PLAN, M&F WORLDWIDE CORPORATION, PEPSI AMERICAS, INC., SIGNAL-STAT DIVISION OF FEDERAL-MOGUL CORPORATION SALARIED EMPLOYEE PENSION PLAN, RICHARD P. RANDAZZO in his capacity as a Salaried Employee Pension Plan Administrator of Signal-Stat Division of Federal-Mogul Corporation, JOHN DOE CORPORATIONS 1 THROUGH 10 (fictitious defendants) and JOHN DOES 1 THROUGH 10 (fictitious defendants) : | |
| Defendants. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions by Defendant Pneumo Abex, LLC's (Pneumo Abex) motion to dismiss Plaintiffs Salvatore and Mary Ann Del Priore's (Plaintiffs) Complaint, or in the alternative, motion for summary judgment, M&F Worldwide Corporation's (M&F) motion to dismiss, or in the alternative for summary judgment, Defendant Federal-Mogul

Corporation (Federal-Mogul) and Richard Randazzo, in his capacity as Federal-Mogul's former vice president of Human Resources (Randazzo) for summary judgment and Plaintiffs' motion for leave to file a sur-reply in opposition to Defendants' reply briefs.  Each Defendant asserts that it is entitled to summary judgment pursuant to Rule 56(c), or in the alternative, to dismiss Plaintiffs Complaints pursuant to Rule 12(b)(6) and Rule 12(b)(1) of the Federal Rules of Civil Procedure.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard.  After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants Federal-Mogul Corporation Pension Plan and Richard Randazzo's motion for summary judgment is **granted** and Defendant Pneumo Abex LLC's motion to dismiss Plaintiffs' Complaint is **granted** and M&F Worldwide Corporation's motion to dismiss Plaintiffs' Complaint is **granted.**

I.      **BACKGROUND**[1]

This case arises out of alleged wrongful termination of Plaintiff Salvatore Del Priore, who claims that as a result of said wrongful termination, has not been able to collect disability benefits and pension benefits from two corporations, to which he feels he is entitled.

Plaintiff Salvatore Del Priore was employed in the Signal-Stat Division of the Abex Corporation (Abex) from October 28, 1985 until November 14, 1986, when Federal-Mogul purchased Abex and Plaintiff became a Federal-Mogul employee. Federal-Mogul terminated Plaintiff Del Priore, effective March 10, 1987.  Plaintiff Del Priore was deemed disabled as of March 10, 1987 by the Social Security Administration.

Federal-Mogul's pension plan became effective on November 15, 1986, enabling a salaried

---

[1]The facts set forth in this Opinion are taken from the undisputed facts set forth in the parties' Rule 56.1 statements in their respective moving papers.

employee to collect based on the participant's normal retirement benefit calculation from the years of service and compensation at Abex to be applied to Federal-Mogul's plan.  If an employee had been a participant of the Abex plan immediately before the Federal-Mogul acquisition, and accepted employment with Federal-Mogul, that employee became a participant of the Federal-Mogul plan.  The Federal-Mogul plan also mandated that a participant, whose employment was terminated as a result of total disability, might be entitled to a disability retirement benefit commencing at the participant's normal retirement date, provided the participant was fully vested in the plan. The subject plan specifically provides that in order for a participant to be fully vested, the participant must have seven years of vesting service.  The plan also provides that the years of Abex service accumulate and apply toward total years of service for the Federal-Mogul plan. Under the Federal-Mogul plan, an active participant was credited with one year of service if in a twelve month period, the participant completed 1,000 hours of service.  Additionally, the initial twelve month period was measured from the date the participant started their employment with Abex and was credited 190 hours of service for each calendar month of service.

In order to collect benefits under the Disability Retirement Plan, a participant must have been terminated as a result of total disability, therefore, a participant must have been disabled prior to termination.

Plaintiff became a participant in the Federal-Mogul plan on November 15, 1986.  Plaintiff was credited 190 hours for each month of service while working for Abex, if the total number of hours reached 1,000 in a twelve month calendar year. Plaintiff worked for Abex for thirteen months before the Federal-Mogul acquisition.  Under the terms of the Federal-Mogul plan, Plaintiff had one year of service from Abex to credit the Federal-Mogul plan. Plaintiff was a participant in the Federal-

Mogul plan for five months before his employment was terminated.  The five months of service for Federal-Mogul totaled 950 hours; therefore, Plaintiff did not accumulate any years of service while employed at Federal-Mogul to count toward disability retirement benefits.  Under the terms of the Federal-Mogul plan, Plaintiff's total number of years of service to apply to the disability retirement plan is one year.  The Federal-Mogul plan mandates that a participant be fully vested in the plan, which requires seven years of service.

In 1988, Plaintiff filed a lawsuit in the Superior Court of New Jersey, Middlesex County against several defendants, including Abex and Federal-Mogul.  The 1988 Complaint alleged wrongful termination and sought recovery of employment benefits from Federal-Mogul and contained numerous claims arising from an alleged illness that Plaintiff suffered while working for Abex.  In August 1989, Plaintiff received a lump sum payment of his pension benefits from Abex. (See Kenfield Affidavit, Exhibits C and D). The claims against Abex were dismissed and Plaintiff signed a general release agreement dated August 29, 1991, releasing Abex from the claims alleged.

In March of 1993, Plaintiff filed a Complaint in this Court, against Federal-Mogul alleging violation of Employee Retirement Income Security Act of 1974 (ERISA) and for damages for wrongful termination. On April 29, 1993, the claims against Federal-Mogul were dismissed with prejudice. On April 14, 1993, Plaintiffs signed a release and were paid $350,000 in relation to the March 1993 lawsuit.

In 1999, Plaintiff contacted the Federal-Mogul Retirement Benefits Department, claiming he was entitled to retirement benefits under the Federal-Mogul plan. Plaintiff Salvatore Del Priore spoke to Margaret Beebe, Senior Benefits Analyst, and Richard Stewart, Ms. Beebe's manager, and

both informed Plaintiff he was not eligible for benefits under the Plan. By letter on August 7, 1999, Plaintiff rejected Federal-Mogul's denial that Plaintiff was entitled to benefits under the plan and requested a copy of the Federal-Mogul plan, acknowledging that its terms were different than the Abex plan. By letter on September 9, 1999, Ms. Beebe sent Plaintiff a copy of the Federal-Mogul plan.

Plaintiffs filed a sur-reply to Defendants' replies to Plaintiffs' oppositions, but said sur-reply was not considered because Plaintiffs did not have permission from this Court to file same.


II.    STANDARDS OF REVIEW

a.    **Motion to Dismiss**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In Bell Atlantic Corporation v. Twombly the Supreme Court clarified the Rule 12(b)(6) standard. 127 S.Ct. 1955 (2007). Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would

-5-

entitle him to relief." Id. at 1968 (citing Conley, 355 U.S. at 45-46).  Instead, the Supreme Court instructed that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

Upon a Rule 12(b)(1) motion addressing the existence of subject matter jurisdiction over a plaintiff's complaint, "no presumptive truthfulness attaches to a plaintiff's allegations." Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J.1995) (citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).  "Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidnce may be considered and a court may 'decide for itself the factual issues which determine jurisdiction." Id. (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.) Cert. denied, 454 U.S. 897 (1981)).  "When resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." Med. Soc'y of N.J. v. Herr, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing Gould Elecs. Inc. v. U.S., 220 F.3d 169, 176, 178 (3d Cir. 2000)).  However, "[w]here an attack on jurisdiction implicates the merits of plaintiff's [F]ederal cause of action, the district court's role in judging the facts may be more limited." Martinez, 875 F. Supp. at 1071 (citing Williamson, 645 F.2d at 413 n.6).

    **b.**    **Summary Judgment**

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  The moving party bears the burden of showing that there

is no genuine issue of fact.  Id.  "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party."  Id.  The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor.  Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).  However, "[i]n determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party."  Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000) aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

### III.    DISCUSSION

After carefully reviewing the papers submitted by all parties, this Court finds that summary judgment is **granted** in favor of Defendants Federal-Mogul and Ranazzo. This Court additionally finds that Defendants Pneumo Abex and M&F Worldwide's motions to dismiss Plaintiffs' Complaint are **granted**.

### Defendant M&F Worldwide Corp.'s Motion to Dismiss

M&F's motion to dismiss is granted because this entity has been added to this lawsuit

because it is an indirect parent of Pneumo Abex, LLC and Plaintiffs lack standing to assert claims against this entity under Rule 12(b)(6).  M&F Worldwide was an intermediate holding company during the purchase of Abex Corporation, and in 1995, became the public parent of Pneumo Abex. M&F Worldwide was not in existence at the time Plaintiff Salvatore Del Priore was employed by either Abex Corporation or Federal-Mogul.  M&F has no connection to or responsibility for the pension plans at issue in the pending lawsuit. M&F is essentially a corporate parent of the plan sponsor, and under ERISA, there is no right to seek recovery from such an entity.  Under ERISA, only a plan participant has standing to seek recovery of benefits from an employee benefit plan, or a plan fiduciary. (See M&F Worldwide's Brief, p. 2). <u>Curcio v. John Hancock Mut. Life Ins. Co.</u>, 33 <u>F</u>.3d 226, 232-34 (3d. Cir. 1994).  Section 502(a)(1) of ERISA, 29 U.S.C. §1132(a)(1) limits standing for a civil action to a participant or beneficiary.  A participant is defined as "any employee or former employee of an employer...who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. §1002(7).

M&F never employed Plaintiff, nor is M&F a fiduciary of a plan which employed Plaintiff. Plaintiffs have thus failed to state a claim upon which relief can be granted as against M&F Worldwide Corp. and as such, Defendant M&F Worldwide's motion to dismiss Plaintiffs' Complaint is granted.

**<u>Defendant Pneumo Abex LLC's Motion to Dismiss</u>**

Defendant Pneumo Abex LLC's motion to dismiss Plaintiffs' Complaint is granted because Pneumo Abex LLC is the successor by merger to Pneumo Abex Corporation, or Abex Corporation.

As mentioned above, Plaintiff Salvatore Del Priore was employed in the Signal-Stat Division of the Abex Corporation from October 28, 1985 until November 14, 1986, when Federal-Mogul purchased Abex and Plaintiff became an employee of Federal-Mogul.  Once Federal-Mogul purchased Abex Corporation in 1986, Plaintiff ceased to be an active participant in the Abex disability, and or pension plan and became a participant in the Federal-Mogul Disability and/or Pension plan.

Under the terms of the Abex Plan, as mentioned above, qualification for disability pension extended only to employees of Abex who stopped working while they were employees of Abex. As illustrated above, Plaintiff ceased to be an employee of Abex when Federal-Mogul purchased Plaintiff's Signal Stat Division on November 14, 1986.  Plaintiff was not deemed disabled until March 10, 1987.  Therefore, Plaintiff does not qualify for disability under the Abex plan because Plaintiff was not an employee of Abex when he filed suit with his wife under ERISA. Former participants and beneficiaries of an ERISA plan do not have standing because they were neither participants nor beneficiaries at the time they filed suit. Leuther v. Blue Cross & Blue Shield of Northeastern Pa., 454 F.3d 120, 124-30. (3d Cir. 2006).

Furthermore, Plaintiff's participation in the Abex plan ceased in August 1989, when, as mentioned above, Plaintiffs received a lump sum payment of his pension benefits from Abex. (See Kenfield Affidavit, Exhibits C and D).  If a plaintiff receives full value of  his benefit, he has no standing pursue claims under ERISA. See Ericson v. Greenburg & Co., P.C., 2004 U.S. App. LEXIS 26508, 608 (3d Cir. 2004).

Also, while ERISA does not contain a statute of limitations for claims benefits, New Jersey District Courts apply the six-year statute of limitations for contract claims to ERISA benefits as

instructed in <u>Romero v. Allstate Corp</u>., 404 <u>F.</u>3d 212, 220 (3d Cir. 2005), to borrow the limitations period applicable to the forum state claim most analogous to the ERISA claim at hand. Plaintiffs' claims are barred by the applicable six-year statute of limitations because Plaintiff received a lump sum payment in 1989 and the present lawsuit was not filed until 2006.

In conclusion, Plaintiff must have become completely disabled while employed with Abex in order to receive disability benefits from the company.  Federal-Mogul terminated Plaintiff's employment and Plaintiff was subsequently deemed disabled.  Abex did not terminate Plaintiff and Plaintiff was not deemed disabled until more than a year after Plaintiff was employed with Abex. As a result, Plaintiff lacks standing to assert rights to benefits from Abex, especially when Plaintiff received a lump sum payment from Abex in 1989.  Defendant Pneumo Abex LLC's motion to dismiss Plaintiffs' Complaint is **granted**.

**<u>Defendants Federal-Mogul Corporation Pension Plan and Richard P. Randazzo's Motion for Summary Judgment</u>**

Defendants Federal-Mogul and Randazzo's motion for summary judgment is granted.  There are no issues of material fact that the Federal-Mogul Plan's plain language bars Plaintiffs claims for retirement benefits.  Plaintiffs' claims are also barred by the applicable six-year statute of limitations discussed above.

The language of the plan Plaintiff is claiming he is entitled to controls under ERISA. <u>Hein v. FDIC</u>, 88 <u>F.</u>3d 210, 214 (3d Cir 1996), cert. denied, 519 U.S.1056 (1997). Under the Federal-Mogul Plan language, disability retirement benefits are only available to a participant who is fully vested in the plan and was terminated due to disability. Plaintiffs assert that Plaintiff Salvatore Del

-10-

Priore was terminated because of an illness he contracted while at work for Abex and Federal-Mogul, however there is no issue of fact that Plaintiff was not fully vested in the disability retirement benefit plan.  As such, Plaintiffs are not entitled to benefits under the plan because a participant must meet both criteria.  Under the Federal-Mogul plan,  in order to be fully vested in the plan, the employee must have had seven years of vesting service and there is no dispute that Plaintiff worked for the two companies at issue for less than two years.

Plaintiffs assert that Plaintiff Salvatore Del Priore was told that the Federal-Mogul plan would be identical to the Abex plan, (Complaint ¶19) however, "if the plain language of the document is clear, the courts must not look to other evidence." Bill Gray Enters v. Gourley, 248 F.3d 206, 218 (3d Cir. 2001). Extrinsic evidence such as what the company said in explaining the plan to its employees cannot be used to contradict the unambiguous written terms if an ERISA plan. In re Unisys Corp. Retiree Med. Benefit "ERISA" Litig., 58 F.3d 896, 906 n.16 (3d Cir. 1995).  This is precisely what Plaintiffs claim to have occurred, that Plaintiff Salvatore Del Priore was told that his disability retirement plan while employed at Federal-Mogul would be identical to the Abex plan, but when the language of a plan is clear, as it is here, the Court must look to the plan's language when making a determination.

There is no issue of fact that Plaintiff Salvatore Del Priore does not qualify for benefits under the Federal-Mogul Plan. For these reasons, as well as Plaintiffs' claims being time barred by the statute of limitations, are sufficient to grant summary judgment in favor of Defendants Federal-Mogul Corporation Pension Plan and Richard P. Randazzo.

-11-

## IV.    CONCLUSION

For the reasons stated, it is the finding of this Court that Defendants Federal-Mogul Corporation Pension Plan and Richard Randazzo's motion for summary judgment is **granted** and Defendant Pneumo Abex LLC's motion to dismiss Plaintiffs' Complaint is **granted** and M&F Worldwide Corporation's motion to dismiss Plaintiffs' Complaint is **granted.**  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        October    1 , 2007
Orig.:        Clerk
cc:          Counsel of Record
             The Honorable Mark Falk, U.S.M.J.
             File